UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

**CRYSTAL MANNING ET AL**                    **CIVIL ACTION NO. 25-cv-871**

**VERSUS**                                    **JUDGE TERRY A. DOUGHTY**

**LASALLE ET AL**                             **MAG. JUDGE KAYLA D. MCCLUSKY**

### MEMORANDUM ORDER

Before the undersigned magistrate judge, on reference from the District Court, is a Motion to Amend Complaint [doc. #187] filed by Plaintiffs, Crystal Manning as next friend of L.D., a minor, Mariahlee Mansaw as next friend of P.M., a minor, Melissa Hollins as next friend of D.H., a minor, as wrongful death beneficiaries of Billie Davis, deceased, and Ruby Lee Davis, individually and as representative of the estate of Billie Davis, deceased (collectively, "Plaintiffs"). Defendant LaSalle Correctional Center, LLC ("Defendant") opposed the motion. For reasons assigned below, the motion is GRANTED.[1]

### Background

This matter was initially filed in state court in Harris County, State of Texas, and was subsequently removed to the United States District Court for the Southern District of Texas on March 23, 2023. [doc. #1]. On June 24, 2025, Judge Ellison of the Southern District of Texas granted a motion dismissing the case in part and transferring the remainder of the case to this

---

[1] As this motion is not excepted within 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this order is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

Court. [Doc. 168]. In their first complaint, Plaintiffs named LaSalle Corrections LLC, Harris County, and Harris County Sheriff's Office as defendants. [doc. #1].

In response to Plaintiffs' original complaint, LaSalle Corrections LLC filed a motion to dismiss under Rule 12(b)(1), (b)(5), and (b)(6). [doc. #15]. This motion to deny was ultimately denied as moot following the Court granting Plaintiffs' leave to file their First Amended Complaint. [doc #19]. Plaintiffs filed their First Amended Complaint on July 11, 2023, naming LaSalle Corrections, LLC and LaSalle Correctional Center, L.L.C. as defendants. [doc. #25]. LaSalle Corrections, LLC and LaSalle Correctional Center, L.L.C. responded to Plaintiffs' First Amended Complaint by filing a motion to dismiss on the grounds that defendants were not subject to personal jurisdiction, venue was improper, and that Plaintiffs failed to state a plausible claim for relief. [doc. #42]. As a result, on April 4, 2024, the Court ordered Plaintiffs to amend their complaint a second time.

Plaintiffs filed their Second Amended Complaint on April 15, 2024, this time naming "LASALLE CORRECTIONS, LLC., LASALLE CORRECTIONAL CENTER, LLC., SOUTHWESTERN CORRECTIONAL, LLC D/B/A LASALLE SOUTHWEST CORRECTIONS, LASALLE MANAGEMENT, COMPANY, and HARRIS COUNTY" as defendants. [doc. #61]. Each of the defendants filed motions to dismiss Plaintiffs' Second Amended Complaint. [doc. #68, 117, 119, and 126]. Between March 3, 2025, and May 1, 2025, all of these aforementioned defendants were dismissed apart from LaSalle Correctional Center, L.L.C.

Consequently, Defendant filed an amended motion to dismiss on May 5, 2025, once again raising the issues of lack of personal jurisdiction, improper venue, and failure to state a plausible claim for relief. [doc. #149]. On June 18, 2025, the Southern District of Texas court entered an

order partially granting LaSalle Correctional Center, L.L.C.'s motion to dismiss, but only on the grounds of improper venue. [doc. #163]. Accordingly, the matter was transferred to the Western District of Louisiana and was assigned to this Court. After transfer to this Court, and pursuant to the Court's Civil Case Management Order [doc. #183], the parties met via video conference on August 15, 2025, to conduct the FED. R. CIV. P. 26(f) conference and develop a case management plan. In the subsequently filed Rule 26(f) Case Management Report [doc. #185], Plaintiffs stated that they "anticipate[d] filing a Third Amended Complaint after conferring with Defendants," and LaSalle stated, "[a]t this time, Defendants object to any amendment to Plaintiffs' Complaint." At this time, Defendant's amended motion to dismiss is still pending.

## Law

"Whether leave to amend should be granted is entrusted to the sound discretion of the district court ..." *Quintanilla v. Texas Television, Inc*., 139 F.3d 494, 499 (5th Cir. 1998) (quoted source omitted). Yet, "[i]n the context of motions to amend pleadings, 'discretion' may be misleading, because FED. R. CIV. P. 15 (a) 'evinces a bias in favor of granting leave to amend.'" *Martin's Herend Imports v. Diamond & Gem Trading United States of America Co*., 195 F.3d 765, 770 (5th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp*., 660 F.2d 594, 597 (5th Cir. Nov. 1981)). A district court must have a "substantial reason" to deny a request for leave to amend. *Lyn-Lea Travel Corp. v. American Airlines, Inc*., 283 F.3d 282, 286 (5th Cir. 2002) (citation omitted). Nonetheless, leave to amend is not "automatic." *Wimm v. Jack Eckerd Corp*., 3 F.3d 137, 139 (5th Cir. 1993) (citations omitted).

In deciding whether to grant a party leave to amend, the court considers the following factors: 1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment.

Page **3** of **9**

*Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Absent any of these factors, leave should be granted. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citing, *Foman*, 371 U.S. at 182). Defendants oppose the proposed amendment on each of these grounds in various capacities.

"An amendment is futile if it would fail to survive a Rule 12(b)(6) motion." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (citing *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir. 2003)). Therefore, courts review the proposed amended complaint under "'the same standard of legal sufficiency as applies under Rule 12(b)(6).'" *Id*. (quoting *Stripling v. Jordan Prod. Co.*, LLC, 234 F.3d 863, 873 (5th Cir. 2000)).

A pleading states a claim for relief, inter alia, when it contains a "short and plain statement ... showing that the pleader is entitled to relief ..." FED. R. CIV. P. 8(a)(2). To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id*. Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *See Twombly*, 550 U.S. at 556.

Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. *Iqbal*, 556 U.S. at 678. A pleading comprised of "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the

cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152-53 (5th Cir. 2010) (citation omitted).

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted). A well-pleaded complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable, and that recovery is unlikely. *Twombly*, 550 U.S. at 556. Nevertheless, a court is compelled to dismiss an otherwise well-pleaded claim if it is premised upon an invalid legal theory. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).

## **Discussion**

Turning to the substance of the instant motion, Defendant appears to object to the proposed amended on each of the factors as outlined by the Supreme Court in Foman: 1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment. *Foman*, 371 U.S. at 182. Defendant argues that Plaintiffs were privy to all the information they base their motion for leave on at the time that they filed for their Second Amended Complaint. [doc. #189]. Defendant further alleges that Plaintiffs do not adequately disclose the "new" facts that were discovered to justify an additional amendment to their complaint.

The undersigned first looks to the undue delay and undue prejudice factors. Here, no new scheduling order has been issued, there are no rescheduled discovery deadlines, and no trial date has been set. Consequently, allowing Plaintiffs to amend and supplement their pleadings would not prejudice Defendant's ability to prepare for trial, nor would there be any substantial delay caused by granting Plaintiffs' motion to amend. Further, Defendant's concern about filing an additional motion to dismiss would be unwarranted if, as it argues, the Plaintiffs have not alleged

any additional facts which would allow their complaint to survive a motion to dismiss. Furthermore, as ordered infra, the undersigned will grant the Defendant leave to respond to Plaintiff's amended complaint if it so chooses. Accordingly, granting the instant motion would not cause undue delay or undue prejudice to the Defendant.

Defendant's argument also fails to demonstrate futility in allowing the amendment. As discussed supra, unless futility is manifestly obvious on the face of a proposed updated pleading, it is appropriate to resolve a claim's merits at the motion to dismiss stage as opposed to the amendment or supplementation stage. The undersigned finds that Plaintiffs' proposed pleadings are not patently futile; the merits will be addressed when the pending motions to dismiss are resolved.

Defendant further alleges that Plaintiffs' newest motion demonstrates a repeated failure to cure deficiencies by previous amendments as Plaintiffs provided "no explanation of how the 'additional information' was 'learned' or when" or how this new disclosed information would help to overcome the deficiencies in their Second Amended Complaint that sparked the latest motion to dismiss. [doc. #189, p.5]. However, Defendant's protestations notwithstanding, a court ordinarily should "grant[] leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000) (emphasis added) (citation omitted); *see also Brown v. Texas A & M Univ.*, 804 F.2d 327, 334 (5th Cir. 1986) (remanding case to district court to afford plaintiff a second opportunity to plead a cognizable case).

Defendant attempts to address this in their brief in support of their opposition with citations to various Fifth Circuit cases which have upheld denials of motions for leave to amend. [doc. #189, pp. 5-6]. However, the Court finds these cases distinct and, as such, unpersuasive. Most

notably, the amendments in the present case have not been as numerous as the cases cited by Defendant.

Certainly, if, as argued here, Plaintiffs are able to amend their complaint to allege sufficient facts to state a claim for relief, then they should be permitted the opportunity to do so. Moreover, "[a] responsive amendment may avoid the need to decide the motion or reduce the number of issues to be decided and will expedite determination of issues that otherwise might be raised seriatim." FED. R. CIV. P. 15 (advisory committee's note to 2009 amendments). Further, "[a] liberal policy toward allowing amendments to correct errors in the pleadings clearly is desirable and furthers one of the basic objectives of the federal rules—the determination of cases on their merits." (6 Wright & Miller, Federal Practice and Procedure, § 1474 (3rd ed.)).

Moreover, when, a plaintiff amends her complaint while a motion to dismiss is pending, and defendants maintain that the defects raised in the original motion are not cured by the new pleading, then the court may consider the motion to dismiss as being addressed to the amended pleading. As the Fifth Circuit has explained,

> defendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. Rather, [i]f some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading.

*Rountree v. Dyson*, 892 F.3d 681, 683–84 (5th Cir. 2018) (citations and internal quotation marks omitted). Therefore, there do not appear to be repeated failures to cure any deficiency by previous amendments.

Finally, there is no evidence of bad faith or dilatory motive. Plaintiffs allege that they learned new information during discovery that requires amendment; subsequently, they filed a timely motion for leave to amend its answer to assert that new information. Defendant argues that there was not sufficient explanation of how "this third amendment will affect the disposition of

their claims." [doc. #189, p. 8]. However, Plaintiffs made clear in their reply that there are additional facts pled which where learned when they received the Sheriff's unredacted report. [doc. #190]. These were facts received after both Plaintiffs' Second Amended Complaint as well as the previous motion to dismiss were filed. *Id*. Therefore, there is no bad faith or dilatory motive.

In short, the court finds no "substantial" basis to deny leave to amend, especially where, as it would appear here, the pending motion to dismiss may be construed as directed toward the Third Amended Complaint. *See Lyn-Lea Travel Corp.*, *supra*; *Rountree*, *supra*.

Additionally, to the extent that Defendant objects to Plaintiffs failure to produce the actual contents of their Third Amended Complaint prior to filing a motion for leave, the Court finds no issue. The Plaintiffs argue, and Defendant agrees, that Plaintiffs informed Defendant of their intention to file an amended complaint, and that Defendant stated that they would object to the amendment regardless of its content. [doc. #187, 189]. The spirit of Rule 7.6, as cited by Defendant, is to prevent needless filings if parties do not intend to object to an amendment. *See* L.R. 7.6. However, Plaintiffs were under no obligation to present the amended complaint prior to filing under 7.6 as they were put on notice of Defendant's intent to object to an amendment during the Rule 26(f) Conference. [doc. #185]. Therefore, the Court finds no issue with Plaintiffs' failure to provide Defendant with the Third Amended Complaint in advance of their filing.

## Conclusion

**IT IS ORDERED** that Plaintiffs' motion for leave to file Third Amended Complaint [doc. # 187] is **GRANTED**.

**IT IS FURTHER ORDERED** that, if Defendant concedes that the latest amended complaint redresses the bases for their pending motion to dismiss [doc. # 149], then they shall file a motion to withdraw the motion to dismiss and file an answer within the next fourteen (14) days

from the date of this order. Otherwise, within that same period, Defendant is granted leave of court to supplement their motion to dismiss to tailor it to the allegations of the latest operative pleading, *as needed*. If Defendant elects the latter option, then Plaintiffs are granted leave of court to file a response to the supplemental brief within fourteen (14) days after filing. Finally, Defendant is granted leave of court to file a supplemental reply brief within seven (7) days after Plaintiff file their supplemental response.

    In Chambers, at Monroe, Louisiana, on this 22nd day of October, 2025.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE