UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| CRYSTAL MANNING, *et al.*, Plaintiffs, | * * * | CIVIL ACTION NO.: 3:25-cv-00871 |
| VERSUS | * * | JUDGE TERRY DOUGHTY |
| LASALLE CORRECTIONS, LLC, *et al.*, Defendants. | * * * | MAGISTRATE JUDGE KAYLA McCLUSKY |
| ********************************** | * | **JURY TRIAL REQUESTED** |

**LASALLE CORRECTIONAL CENTER, L.L.C.'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT**

**NOW INTO COURT**, through undersigned counsel, comes Defendant, LaSalle Correctional Center, L.L.C. ("LCC"), who responds as follows to the Third Amended Complaint (Doc. 192) ("Complaint") filed by Plaintiffs, Crystal Manning as next friend of L.D., a minor, Mariahlee Mansaw as next friend of P.M., a minor, Melissa Hollins as next friend of D.H., a minor, and Ruby Lee Davis, individually and as representative of the estate of Billie Davis ("Plaintiffs").

**AFFIRMATIVE DEFENSES**

LCC has not yet had the opportunity to conduct discovery or to complete its investigation of the circumstances underlying this matter, and therefore, relies upon the following defenses to the extent applicable.

**FIRST DEFENSE**

Ruby Lee Davis lacks standing to bring claims under 42 U.S.C. § 1983. *See Burnett v. Grattan*, 468 U.S. 42 (1984).

**SECOND DEFENSE**

Plaintiffs failed to state a claim upon which relief can be granted.

**THIRD DEFENSE**

The harm suffered by Billie Davis was the result of intervening and superseding causes which operate to bar or reduce Plaintiffs' potential recovery.

**FOURTH DEFENSE**

LCC avers that it cannot be held generally liable under a theory of respondeat superior for the purported constitutional violations allegedly committed by its employees and/or agents.

**FIFTH DEFENSE**

LCC asserts the affirmative defenses available to it under the United States Supreme Court case of *Monell v. Department of Soc. Svcs.*, 436 U.S. 658 (1978), and its progeny, as it relates to municipal liability because Plaintiffs cannot establish a deprivation of rights protected by the Constitution or federal law that was inflicted pursuant to an official policy or custom. LCC further asserts that the Plaintiffs cannot establish that any official's deliberate conduct was the "moving force" behind the injuries alleged. Therefore, Plaintiffs cannot establish a causal link between any of LCC's alleged actions and any deprivation of federal rights.

**SIXTH DEFENSE**

LCC avers that at all times relevant to this litigation, LCC conducted itself appropriately, in good faith, and in accordance with all applicable laws, ordinances, and regulations.

**SEVENTH DEFENSE**

Billie Davis's death was not caused by LCC but was caused by others for whom LCC is not legally responsible and/or was caused by natural causes.

**EIGHTH DEFENSE**

The damages claimed by Plaintiffs, which are denied, were caused in whole or in part by the actions and/or omissions of the decedent and should be reduced or barred to the extent that the

comparative fault or contributory negligence of Billie Davis is established. The Jury should allocate fault among all responsible parties and non-parties.

**NINTH DEFENSE**

Plaintiffs' potential recovery, if any, should be barred or reduced to the extent that it is established that the decedent or Plaintiffs failed to mitigate their damages.

**TENTH DEFENSE**

To the extent the alleged harm suffered by Billie Davis occurred as a result of pre-existing medical conditions, events, causes, or injuries, the existence of those pre-existing conditions or occurrences operate to bar or reduce any potential recovery of Plaintiffs.

**ELEVENTH DEFENSE**

LCC asserts all statutory and jurisprudential immunities available to it under federal and state law.

**TWELFTH DEFENSE**

Other parties may owe indemnity and/or defense for Plaintiffs' claims.

**THIRTEENTH DEFENSE**

LCC is entitled to a set-off from any collateral source or other compensations received by Plaintiffs.

**FOURTEENTH DEFENSE**

Plaintiffs are not entitled to recover punitive damages for alleged violations of state law.

**FIFTEENTH DEFENSE**

Any potential award for punitive damages for violations of federal law would violate LCC's due process and equal protection rights and right to be free from excess fines under the United States Constitution.

## SIXTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part by prescription or any applicable statute of limitations.

## SEVENTEENTH DEFENSE

LCC reserves its right to assert any additional affirmative defenses and any counterclaim or crossclaim that it may discover during the course of additional investigation and discovery.

## EIGHTEENTH DEFENSE

In the alternative, LCC denies each and every allegation except as to those which are expressly admitted herein.

## ATTORNEYS' FEES

LCC avers that all claims made against it pursuant to 42 U.S.C. § 1983 will be determined to be unfounded and not adequately supported by facts or law. Accordingly, under 42 U.S.C. § 1988, LCC is entitled to all costs of suit, including expert costs, and reasonable attorneys' fees.

## JURY DEMAND

LCC prays for a trial by jury on all issues.

## ANSWER TO PLAINTIFFS' COMPLAINT

In response to the specific allegations contained in Plaintiffs' Complaint, LCC respectfully avers as follows:

## INTRODUCTION

The allegations contained in the unnumbered paragraphs within and above the "INTRODUCTION" section of Plaintiffs' Complaint are admitted only insofar as Billie Davis was a pretrial detainee at LaSalle Correctional Center on March 1, 2022. The remaining allegations

contained in the unnumbered paragraphs within and above the "INTRODUCTION" section are denied. Likewise, the legal conclusions contained in the unnumbered paragraphs within and above the "INTRODUCTION" section are denied.

## I. PARTIES

### A. Plaintiffs

1.1 The allegations contained in Paragraph 1.1 are denied for lack of sufficient information to form a belief therein.

1.2 The allegations contained in Paragraph 1.2 are denied for lack of sufficient information to form a belief therein.

1.3 The allegations contained in Paragraph 1.3 are denied for lack of sufficient information to form a belief therein.

1.4 The allegations contained in Paragraph 1.4 are denied for lack of sufficient information to form a belief therein.

### B. Defendant

1.5 The allegations contained in Paragraph 1.5 are only admitted insofar as LCC is a Louisiana limited liability company, owns the facility known as the LaSalle Correctional Center located at 15976 US-165, Olla, Louisiana 71465, and has made an appearance in this case. All other allegations contained in Paragraph 1.5 are denied as written.

## II. VENUE AND JURISDICTION

2.1 LCC admits that venue is proper in the United States District Court for the Western District of Louisiana.

2.2 The allegations contained in Paragraph 2.2 are only admitted insofar as this Court has subject matter jurisdiction over the causes of action alleged to have arisen under federal law. LCC

denies the legal conclusion contained in Paragraph 2.2 that this Court has supplemental jurisdiction over Plaintiffs' state law claims.

## III. FACTS

3.1 The allegations contained in Paragraph 3.1 are admitted only insofar as Billie Davis was a pretrial detainee at LaSalle Correctional Center on March 1, 2022, and that a public contract exists between Harris County, Texas and Southwestern Correctional, LLC d/b/a LaSalle Southwest Corrections, LaSalle Management Company, and LaSalle Corrections. LCC denies that it is a party to the Harris County contract. The remaining allegations and legal conclusions contained in Paragraph 3.1 are denied, including any contention that Bille Davis may have been a third-party beneficiary under the Harris County contract.

3.2 The allegations contained in Paragraph 3.2 are admitted only insofar as Billie Davis was transported to LaSalle Correctional Center on or about February 25, 2022. The remaining allegations contained in Paragraph 3.2 are denied as written.

3.3 The allegations contained in Paragraph 3.3 are denied as written.

3.4 The allegations contained in Paragraph 3.4 are denied as written.

3.5 The allegations contained in Paragraph 3.5 regarding the identities of the individuals present during the events alleged are denied at this time for lack of sufficient information to form a belief therein. The remaining allegations contained in Paragraph 3.5 are denied.

3.6 The allegations contained in Paragraph 3.6 are denied as written.

3.7 The allegations contained in Paragraph 3.7 are denied as written.

3.8 The allegations contained in Paragraph 3.8 are denied for lack of sufficient information to form a belief therein.

3.9 The allegations contained in Paragraph 3.9 are denied for lack of sufficient information to form a belief therein.

3.10 The allegations and legal conclusions, including purported contractual obligations in Exhibit A, contained in Paragraph 3.10 are denied.

3.11 The allegations and legal conclusions contained in Paragraph 3.11 are denied.

3.12 The allegations and legal conclusions contained in Paragraph 3.12 are denied.

3.13 The allegations and legal conclusions contained in Paragraph 3.13 are denied.

3.14 The allegations contained in Paragraph 3.14 are denied.

3.15 The allegations and legal conclusions contained in Paragraph 3.15 are denied.

3.16 To the extent the reference to another lawsuit in Paragraph 3.16 is intended to establish the liability of LCC in this matter, that allegation is denied. LCC denies that it was a defendant in the case titled *Sabbie v. Southwestern Corr., LLC.* The remaining allegations contained in Paragraph 3.16 are denied.

3.17 To the extent the reference to another lawsuit in Paragraph 3.17 is intended to establish the liability of LCC in this matter, that allegation is denied. LCC denies that it was a defendant in the case titled *Mathis, et al. v. Southwestern Correctional, LLC, et al.* The remaining allegations contained in Paragraph 3.17 are denied.

3.18 To the extent the reference to another lawsuit in Paragraph 3.18 is intended to establish the liability of LCC in this matter, that allegation is denied. LCC denies that it was a defendant in the case titled *Jones v. Southwestern Correctional, LLC, et al.* The remaining allegations contained in Paragraph 3.18 are denied.

3.19 To the extent the reference to another lawsuit in Paragraph 3.19 is intended to establish the liability of LCC in this matter, that allegation is denied. The remaining allegations contained in Paragraph 3.19 are denied.

3.20 To the extent the reference to another lawsuit in Paragraph 3.20 is intended to establish the liability of LCC in this matter, that allegation is denied. LCC denies that it was a defendant in the case titled *Beachem, et al. v. LaSalle Corrections, LLC, et al.* The remaining allegations contained in Paragraph 3.20 are denied.

3.21 To the extent the reference to another lawsuit in Paragraph 3.21 is intended to establish the liability of LCC in this matter, that allegation is denied. LCC denies that it was a defendant in the case titled *Moore, et al. v. LaSalle Mgmt. Co., et al.* The remaining allegations contained in Paragraph 3.21 are denied.

3.22 The allegations contained in Paragraph 3.22 are denied.

3.23 The allegations and legal conclusions contained in Paragraph 3.23 are denied.

3.24 The allegations and legal conclusions contained in Paragraph 3.24 are denied.

## IV. CAUSES OF ACTION

***a. Negligence***

4.1 LCC incorporates by reference, as if copied herein *in extenso*, its responses to the previous paragraphs of Plaintiffs' Complaint. LCC denies any allegations not specifically admitted, qualified, or denied herein.

4.2 The Court dismissed Plaintiffs' claims under Louisiana Constitution Art. I, Sec. 5 and Plaintiffs' negligent-training and negligent-hiring claims with prejudice; therefore, no response is required. *See* (Doc. 212). To the extent a response is deemed required, LCC denies those allegations. The remaining allegations and legal conclusions contained in Paragraph 4.2 are denied.

4.3 The Court dismissed Plaintiffs' negligent-training and negligent-hiring claims with prejudice; therefore, no response is required. *See* (Doc. 212). To the extent a response is required, LCC denies those allegations. LCC further denies the remaining allegations and legal conclusions in Paragraph 4.3 of Plaintiffs' Complaint, including subparts (a)–(g).

4.4 The allegations and legal conclusions contained in Paragraph 4.4 are denied.

***b. Negligence under Texas law***

4.5 LCC incorporates by reference, as if copied herein *in extenso*, its responses to the previous paragraphs of Plaintiffs' Complaint. LCC denies any allegations not specifically admitted, qualified, or denied herein.

4.6 The Court determined that Louisiana's substantive law applies to the merits of Plaintiffs' negligence claims; therefore, no response is required. *See* (Doc. 207, p. 14), *adopted by*, (Doc. 212). To the extent a response is deemed required, the allegations and legal conclusions in Paragraph 4.6 are denied.

4.7 The Court determined that Louisiana's substantive law applies to the merits of Plaintiffs' negligence claims and the Court dismissed Plaintiffs' negligent-training and negligent-hiring claims with prejudice; therefore, no response is required. *See* (Doc. 207, p. 14), *adopted by*, (Doc. 212). To the extent a response is deemed required, the allegations and legal conclusions in Paragraph 4.7 are denied.

4.8 The Court determined that Louisiana's substantive law applies to the merits of Plaintiffs' negligence claims and the Court dismissed Plaintiffs' negligent-training and negligent-hiring claims with prejudice; therefore, no response is required. *See* (Doc. 207, p. 14), *adopted by*, (Doc. 212). To the extent a response is deemed required, the allegations and legal conclusions in Paragraph 4.8 of Plaintiffs' Complaint, including subparts (a)–(g) are denied.

***c. 42 U.S.C. § 1983***

4.9 The allegations and legal conclusions contained in Paragraph 4.9 are denied.

4.10 The allegations and legal conclusions contained in Paragraph 4.10 are denied.

## V. PUNITIVE DAMAGES

5.1 LCC incorporates by reference, as if copied herein *in extenso*, its responses to the previous paragraphs of Plaintiffs' Complaint. LCC denies any allegations not specifically admitted, qualified, or denied herein.

5.2 The allegations and legal conclusions contained in Paragraph 5.2 are denied.

5.3 The allegations and legal conclusions contained in Paragraph 5.3 are denied.

## VI. DAMAGES

***a. Survival Damages***

6.1 LCC incorporates by reference, as if copied herein *in extenso*, its responses to the previous paragraphs of Plaintiffs' Complaint. LCC denies any allegations not specifically admitted, qualified, or denied herein.

6.2 The allegations and legal conclusions contained in Paragraph 6.2 are denied.

6.3 The allegations in Paragraph 6.3, including subparts (a)–(d), constitute Plaintiffs' characterization of the relief sought in this case to which no response is necessary. However, if a response is deemed required, LCC denies that Plaintiffs are entitled to the relief requested in this paragraph.

***b. Wrongful Death***

6.4 The allegations and legal conclusions contained in Paragraph 6.4 are denied.

6.5 The allegations in Paragraph 6.5, including subparts (a)–(g), constitute Plaintiffs' characterization of the relief sought in this case to which no response is necessary. However, if a

response is deemed required, LCC denies that Plaintiffs are entitled to the relief requested in this paragraph.

***c. Attorneys' Fees***

6.6 LCC denies that Plaintiffs are entitled to an award of attorneys' fees.

## VIII. JURY DEMAND

7.1 LCC prays for a trial by jury on all issues.

## IX. PRAYER

LCC denies liability for the relief prayed for by Plaintiffs.

WHEREFORE, LCC prays that its Answer to Plaintiffs' Third Amended Complaint be deemed good and sufficient, and after due proceedings, there be judgment herein in favor of LCC, and against Plaintiffs, dismissing with prejudice Plaintiffs' claims, at their cost, and for any such other relief as this Court deems just and proper.

[*signature on next page*]

Respectfully submitted,

*/s/ Ryan G. Lavelle*
Deirdre C. McGlinchey, T.A. (24167)
dmcglinchey@joneswalker.com
Ryan G. Lavelle (41305)
rlavelle@joneswalker.com
JONES WALKER LLP
201 St. Charles Ave.
New Orleans, Louisiana 70170
Telephone: (504) 582-8000
Facsimile: (504) 582-8583
*-and-*
Marvin C. Moos (*pro hac vice*)
mmoos@hrmlawyers.com
HORNE ROTA MOOS, LLP
(SDTX Bar No.: 15545)
(TX State Bar No.: 14413900)
2777 Allen Parkway, Suite 1200
Houston, Texas 77019
Telephone: (713) 333-4500
Facsimile: (713) 333-4600

*ATTORNEYS FOR DEFENDANT, LASALLE CORRECTIONAL CENTER, L.L.C.*

## CERTIFICATE OF SERVICE

I certify that on August 18, 2026, a copy of this pleading was filed electronically with the Clerk of Court using the CM/ECF system which will send notification to all counsel of record.

*/s/ Ryan G. Lavelle*
RYAN G. LAVELLE